IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ABIZAHI GUARDUNO-RIVERA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 118-040 |
| ) | (Formerly CR 116-034) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Abizahi Guarduno-Rivera filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The motion raises three ineffective assistance of counsel claims, one of which asserts counsel failed to file an appeal after Petitioner instructed him to do so. Based on the evidence of record, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **GRANTED** as to the request for an out-of-time appeal and **DISMISSED** without prejudice as to all other claims, the judgment in Petitioner's underlying criminal case be **VACATED**, an identical sentence be **RE-IMPOSED**, and this civil action be **CLOSED**.

I.  BACKGROUND

 A.  Indictment

On June 7, 2016, the grand jury in the Southern District of Georgia charged Petitioner with one count of conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 ("Count One"), one count of possession with

intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) ("Count Two"), and one count of illegal entry by a deported alien in violation of 8 U.S.C. § 1326 ("Count Four").  United States v. Guarduno-Rivera, CR 116-034, doc. no. 1 (S.D. Ga. June 7, 2016) (hereinafter "CR 116-034").  Petitioner faced a minimum sentence of ten years and a sentence of life on the conspiracy charge, a maximum sentence of twenty years on the possession charge, and a maximum sentence of ten years on the illegal entry charge.  Id., doc. no. 2.  After the Court initially appointed attorney Danny L. Durham to represent Petitioner, Petitioner retained Travers W. Chance as counsel.  Id., doc. nos. 16, 20.

### B.     Agreement to Plead Guilty

Pursuant to a written plea agreement, Petitioner pled guilty on September 15, 2016, to a lesser included offense of Counts One and Count Four.  Id., doc. nos. 36, 38-39.  In exchange, the government agreed to dismiss the remaining counts of the indictment against Petitioner, not object to a two-point reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, move for an additional one-point reduction for acceptance of responsibility, and consider filing for a downward departure under U.S.S.G. § 5K1.1 for any substantial assistance provided prior to sentencing.  Id., doc. no. 39-1, pp. 4-6.  Further, the parties stipulated "for purposes of Section 2D1.1 of the Sentencing Guidelines, the offense involved at least 1.5 kilograms of methamphetamine (actual) but fewer than 4.5 kilograms of methamphetamine (actual)."  Id. at 5.

> Petitioner's plea agreement contained the following factual bases for his guilty plea:
>
> [B]eginning on or before November 2015 . . . and continuing until at least January 29, 2016, in Richmond and Columbia Counties, in the Southern District of Georgia, and in the Northern District of Georgia, the defendant did knowingly and intentionally combine, conspire, confederate, and agree together with others known and unknown, to commit certain offenses against

>the United States, that is, to possess with intent to distribute methamphetamine, a Schedule II controlled substance . . . . [O]n or about the 29th day of January 2016, in Columbia County, in the Southern District of Georgia, the defendant, an alien, who had previously been deported on May 20, 2006 at the McAllen, Texas Port of Entry, and again on January 29, 2015, from the Brownsville, Texas Port of Entry, was found in Columbia County, Georgia, within the United States, without first obtaining the express consent of the Attorney General to reapply for admission to the United States . . . .

Id. at 2-3.

The plea agreement contained a broad appeal waiver provision that stated in relevant part:

>Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground. The only exceptions to this waiver are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

Id. at 6-7. By signing the plea agreement, Petitioner attested he read, understood, and voluntarily agreed to the plea agreement. Id. at 14.

At the change of plea hearing, Chief United States District Judge J. Randal Hall explained the rights Petitioner would be waiving by pleading guilty, and Petitioner affirmed he clearly understood those rights. Among the rights explained, Chief Judge Hall reviewed the right to trial by jury, the presumption of innocence, the government's burden to prove guilt beyond a reasonable doubt, the right to present and cross-examine witnesses, and the right to remain silent. Id., doc. no. 62, pp. 13-16. Investigator Richard Cowell with the Richmond County Sheriff's Department, and Special Agent Peter Amodeo with Homeland Security Investigations, provided testimony as to the factual basis for the plea, the truth of which Petitioner confirmed. See id. at 25-32.

Chief Judge Hall summarized the terms of the plea agreement and explained to Petitioner that he was giving up his right to directly appeal the conviction and sentence on any ground, and Chief Judge Hall reviewed the limited situations in which Petitioner would be entitled to appeal. Id. at 16-17. Chief Judge Hall also explained the maximum penalties for the charges to which Petitioner was pleading guilty and explained the role of the Sentencing Guidelines, emphasizing they were only advisory and not binding on him. Id. at 19, 22-23. Furthermore, in response to a question asked by Chief Judge Hall, Petitioner averred no one had made him any promise or prediction he would receive a particular sentence. Id. at 23.

Chief Judge Hall informed Petitioner by signing the plea agreement, Petitioner agreed "all of the facts that are contained in the Plea Agreement are true and accurate, and [he] agree[s] to be bound by all of the terms of the agreement." Id. at 16-17. At the conclusion of this colloquy with Petitioner, Chief Judge Hall accepted Petitioner's guilty plea. Id. at 33.

### C. Sentencing

The PSI set Petitioner's base offense level for Count One at thirty-six, pursuant to U.S.S.G. § 2D1.1(c)(2), and Petitioner's base offense level for Count Four at eight, pursuant to U.S.S.G. § 2L1.2(a). PSI ¶¶ 34, 40. Petitioner's offense level for Count One increased to thirty-eight after an enhancement for being an organizer, leader, manager, or supervisor in criminal activity, pursuant to U.S.S.G. § 3B1.1(c). PSI ¶ 37. Petitioner's offense level for Count Three increased to twenty-two after enhancements for: (1) committing the instant offense after sustaining a conviction for a felony that is an illegal reentry offense; and (2) having sustained a conviction for a felony offense other than an illegal reentry offense for which the sentence imposed was five years or more. PSI ¶¶ 41, 42. Because the adjusted

4

offense level from Count One resulted in the higher offense level, Petitioner's combined adjusted offense level was thirty-eight. PSI ¶ 50. This offense level decreased three points for acceptance of responsibility resulting in a total offense level of thirty-five. PSI ¶¶ 52-53.

Petitioner received six criminal history points for adult criminal convictions pursuant to U.S.S.G. § 4A1.1(a): (1) a 2002 felony conviction for trafficking in cocaine; and (2) a 2014 felony conviction for unlawful reentry into the United States by an alien previously deported subsequent to a conviction for an aggravated felony. PSI ¶¶ 56, 57. Petitioner received two additional points for committing the instant offense while under a criminal justice sentence. PSI ¶ 59. Accordingly, Petitioner's criminal history score of eight established a criminal history category of IV. PSI ¶ 60. Based on a total offense level of thirty-five and a criminal history category of IV, Petitioner's guideline imprisonment range was between 235 and 293 months. PSI ¶ 87.

Petitioner objected to the two-point enhancement for being an organizer, leader, manager, or supervisor of criminal activity. PSI Add. At sentencing on March 6, 2017, Chief Judge Hall overruled Petitioner's objection. CR 116-034, doc. no. 63, p. 18. Chief Judge Hall sentenced Petitioner to serve a 288-month term of imprisonment, comprised of consecutive terms of 240 months for Count One and forty-eight months for Count Four. Id. at 25-26; doc. no. 55. Petitioner did not file an appeal.

**D.    § 2255 Proceedings**

Petitioner filed the instant § 2255 motion, raising three ineffective assistance of counsel claims:

> (1)    Counsel failed to file an appeal after Petitioner instructed him to do so because Petitioner could not pay additional funds;

  (2)  Counsel failed to argue the Court lacked jurisdiction to impose consecutive sentences for Counts One and Four; and

  (3)  Counsel failed to challenge the nexus between Petitioner and the drugs.

(Doc. no. 1.)

The Court directed Respondent to file its response to Petitioner's § 2255 motion. (Doc. no. 2.) On June 18, 2018, Respondent, after consulting with Mr. Chance, Petitioner's trial counsel, conceded Petitioner is entitled to an out-of-time appeal because Mr. Chance failed to consult with Petitioner about the possibility of an appeal after sentencing. (Doc. no. 9, pp. 6-7.)

## II. DISCUSSION

### A. Petitioner's Burden Under <u>Strickland v. Washington</u>

Ineffective assistance of counsel claims are subject to the two-part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>See</u> <u>Massaro v. United States</u>, 538 U.S. 500, 505 (2003); <u>United States v. Armstrong</u>, 546 F. App'x 936, 940 (11th Cir. 2013); <u>see also</u> <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 476-77 (2000) (holding that <u>Strickland</u> test applies to ineffective assistance claim alleging failure to file an appeal). Petitioner must show that counsel was constitutionally ineffective under the two prongs of <u>Strickland</u> by proving defense counsel's performance was deficient and prejudicial.

Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 688. Under the prejudice prong of <u>Strickland</u>, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.

### B.     Petitioner Is Entitled to An Out of Time Appeal

Petitioner claims he informed Mr. Chance about his desire to appeal the sentence. (Doc. no. 1, pp. 7, 16.)  Respondent does not dispute Petitioner's contention and concedes Petitioner is entitled to an out-of-time appeal because Mr. Chance failed to consult with Petitioner after sentencing.  (Doc. no. 9, pp. 6-7.)

All defense counsel have a general duty to consult about an appeal, including informing a client about the right to appeal, advising the client about the advantages and disadvantages of taking an appeal, and making a reasonable effort to determine whether the client wishes to pursue an appeal.  Thompson v. United States, 504 F.3d 1203, 1206 (11th Cir. 2007).  Despite this general duty, the Supreme Court has specifically declined to adopt "a bright-line rule that counsel must always consult with the defendant regarding an appeal." Flores-Ortega, 528 U.S. at 480.  That Mr. Chance may not have seen any viable appellate issues does not vitiate the duty to explain the appellate process, describe the advantages and disadvantages of filing an appeal, and explain his obligation to file an appeal if Petitioner so desired.  Thompson, 504 F.3d at 1207.  Nor does the fact Petitioner signed a plea agreement with an appeal waiver mean Mr. Chance was automatically relieved of his obligation to consult with Petitioner.  See Gomez-Diaz v. United States, 433 F.3d 788, 793 (11th Cir. 2005) (ruling that if counsel failed to fulfill duty to determine client's wishes about appealing, prejudice is presumed and entitles petitioner to an out-of-time appeal, regardless of whether there are meritorious issues fitting exceptions to appeal waiver).  While the government would certainly be free to raise the waiver provision in the plea agreement if an appeal were filed, Petitioner would also be free to argue why he believes the waiver is somehow invalid or not applicable.

7

When a court determines an out-of-time appeal is the proper remedy in a § 2255 proceeding, the remedy should be effected in the following way:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(l )(A)(i).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). The Court recommends these procedures to re-institute Petitioner's right to appeal. After reimposition of Petitioner's sentence, Petitioner will have fourteen days in which to file a notice of appeal.

On June 27, 2016, Mr. Chance received the District's Notice to Retained Criminal Defense Attorneys in relation to this case. CR 116-034, doc. no. 23. The notice states "[o]nce an appearance by counsel is made, the court will expect counsel to represent the defendant until the conclusion of the case. . . . Thus, the further expectation of this court and the United States Court of Appeal for the Eleventh Circuit is that retained counsel, in making satisfactory financial arrangements, will contemplate services to be rendered upon appeal." Id. at 1. Furthermore, Mr. Chance remains Petitioner's attorney of record in the underlying criminal case. Accordingly, the Court presumes Mr. Chance will file a timely notice of appeal on Petitioner's behalf. However, should this arrangement prove unworkable, Mr. Chance and Petitioner must inform the Court during the objection period following issuance of this Report and Recommendation of any alternative arrangements to ensure a notice of appeal is filed on Petitioner's behalf in a timely manner. Thus, out of an abundance of caution, the Court **DIRECTS** the **CLERK** to serve a copy of this Report and Recommendation on Mr. Chance.

In light of the recommendation Petitioner be allowed to file an appeal, the Court declines to address Petitioner's remaining ineffective assistance of counsel claims and recommends those claims be dismissed without prejudice.  See United States v. Wiles, 563 F. App'x 692, 695 (11th Cir. 2014) (directing petitioner to raise in properly filed § 2255 motion ineffective assistance claims not addressed by District Court granting relief on lost appeal claim).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **GRANTED** as to the request for an out-of-time appeal and **DISMISSED** without prejudice as to all other claims, the judgment in Petitioner's underlying criminal case be **VACATED**, an identical sentence be **RE-IMPOSED**, and this civil action be **CLOSED**.

Finally, should Mr. Chance and Petitioner decide Mr. Chance will not file a notice of appeal on Petitioner's behalf, they must inform the Court during the objection period following issuance of this Report and Recommendation of any alternative arrangements to ensure a notice of appeal is filed on Petitioner's behalf in a timely manner.

SO REPORTED and RECOMMENDED this 20th day of July, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA